2024 IL App (2d) 240473-U
No. 2-24-0473
Order filed October 30, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-756 |
| CLIFFORD MCKINNEY, | ) ) ) | Honorable William G. Engerman and David P. Kliment, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Kennedy and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in granting the State's petition for pretrial detention as its determination that there were no conditions that could mitigate the defendant's threat of dangerousness if he was released was not against the manifest weight of the evidence.

¶ 2   The defendant, Clifford McKinney, appeals from the trial court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)

(amending various provisions of P.A. 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On April 13, 2024, the defendant was charged with one count each of aggravated robbery (720 ILCS 5/18-1(b)(1) (West 2022)) (class 1 felony), vehicular hijacking (*id.* § 18-3(a)) (class 1 felony), kidnaping (*id.* § 10-1(a)(2)) (class 2 felony), unlawful restraint (*id.* § 10-3) (class 4 felony), aggravated fleeing of a police officer with over $300 in property damage (625 ILCS 5/11-204.1(a)(3) (West 2022)) (class 4 felony), and leaving the scene of an accident (*id.* § 11-402(a)) (class A felony).

¶ 5    The Stated filed a petition to detain the defendant. 725 ILCS 5/110-6.1 (West 2022). The State alleged that there was probable cause to show that the defendant committed the alleged offenses and that his pretrial release posed a real and present threat to the safety of any person or persons or the community. As additional grounds to deny pretrial release, the Stated noted that, at the time of the present offenses, the defendant had three other cases pending—one for unlawful possession of a controlled substance; one for driving under the influence, driving with a revoked license and unlawful possession of drug paraphernalia; and one case involving two counts of battery. The State also attached an addendum setting forth the defendant's prior criminal history, which listed ten criminal convictions dating back to 2006, including convictions for burglary, resisting police, theft, possession of a stolen motor vehicle, unlawful possession of a controlled substance, and unlawful manufacture and distribution of a look-alike substance.

¶ 6    On April 14, 2024, a hearing was held on the State's petition. The State tendered the police synopsis. The synopsis indicated that, on April 11, 2024, at about 10:30 p.m., the victim stopped at a gas station in Chicago. The defendant approached the victim and spoke with him about his

car, which the defendant was admiring. The defendant asked if he could go for a ride in the victim's car. The victim agreed and, at one point, allowed the defendant to drive the vehicle. The defendant picked up another passenger, who sat in the back seat. After that, the defendant told the victim he had a gun and if he tried to leave, the defendant would kill him. At one point, the passenger in the back seat pulled a gold necklace, worth about $1500, off the victim's neck. The defendant took the victim's Bulova watch. While still driving around Chicago, the defendant and the passenger in the back went through all the belongings in the vehicle, which included shopping bags of newly purchased clothing. They stopped several times so that the defendant and the other passenger could try on the clothes. The defendant took a pair of polo pants and an Adidas sweatshirt and put them on. The victim never saw a gun but was afraid to leave for fear of being shot.

¶ 7     At about 9:30 a.m. the next day, the defendant and the backseat passenger had an argument, and the passenger exited the vehicle. The defendant continued to drive around with the victim. At about 11:30 a.m., the police observed the defendant driving recklessly. The police attempted to make a traffic stop but the defendant drove around the squad car and fled at a high rate of speed. The vehicle eventually crashed through a metal fence and then struck a tree. The defendant fled the scene. The police apprehended the defendant a couple of houses away, laying under some fencing. The victim's car keys and some of his stolen clothing were next to the defendant. The victim identified the defendant, and the defendant was arrested.

¶ 8     The State argued that the synopsis provided clear and convincing proof that the defendant committed the charged offenses. The State also noted that the defendant's pending cases and the present offenses were dangerous and violent, and that a public safety assessment report rated the defendant six out of six on the new criminal activity scale and the failure to appear scale. The State asserted it had presented sufficient evidence to detain the defendant.

¶ 9    The defendant argued that, while he was currently unemployed, he had previously worked in landscaping and had a minor child to support. He was on medication for mental health and pain issues. The defendant argued that the police synopsis was insufficient to prove he committed the offenses because the police synopsis was not clear as to who reported the information to the police. The defendant also argued that the State failed to prove he was a threat because there was no weapon found, his criminal history was not violent as it was mostly drug and driving related offenses, and the victim was currently living in Kentucky. Finally, the defendant argued that conditions such as a no contact order and pretrial supervision would be sufficient to mitigate any threat he posed.

¶ 10    The trial court granted the State's petition to detain the defendant. The trial court noted that it considered the police synopsis, the public safety assessment report, the defendant's criminal history, and the parties' arguments. The trial court found that there was sufficient evidence that the defendant committed the alleged offenses. The trial court noted that the defendant chose a random victim, threatened violence against him, stole from him and crashed his car, and then fled from the police. The trial court concluded that the defendant was a threat to the community and that there were no conditions that would mitigate that threat. In its written order, the trial court found that no conditions could mitigate the defendant's threat because the defendant had pending cases, lived at a homeless shelter in Kane County but started the offense in Chicago, and threatened violence against the victim.

¶ 11    Following the denial of his motion for relief, the defendant filed a timely notice of appeal.

¶ 12                                II. ANALYSIS

¶ 13    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as

amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 15    We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the trial court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 16    On appeal, the defendant does not challenge the trial court's finding that the State met its burden on the first proposition—whether the proof was evident, or the presumption was great, that

he committed a detainable offense. The defendant also does not challenge the second proposition—that he posed a real and present threat to the safety of any person or anyone in the community. Rather, he challenges only the trial court's determination that he posed a danger that could not be mitigated.

¶ 17    Where the trial court finds that the State proved a valid threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a)(1)-(6) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the seriousness of the threat the defendant poses to any person or the community. *Id.*

¶ 18    In the present case, in determining that less restrictive conditions could not mitigate the defendant's threat, the trial court considered the relevant statutory factors. The trial court stated that it considered all the evidence before it, including the defendant's extensive criminal history and the public safety assessment report, which assigned a maximum rating to the defendant's propensity to engage in new criminal activity. Further, the trial court considered evidence that the defendant committed the present offenses while three other cases were still pending, which demonstrated a pattern of continuing criminal behavior regardless of the existing charges. The trial court also considered that the defendant's pending cases included charges of driving under the influence and battery, and, in the present case, the defendant chose a random victim and threatened him with violence. Such charges reveal a propensity for engaging in conduct that is a threat to the community. Accordingly, based on the record in this case, we cannot say that the trial

court's determination that no conditions of release could mitigate the threat posed by the defendant was against the manifest weight of the evidence.

¶ 19                                         III. CONCLUSION

¶ 20     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 21     Affirmed.